**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Paul Billings, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| The North Dakota State Penitentiary, | ) | |
| and the NDDOCR, | ) | Case No. 1:07-cv-066 |
| | ) | |
| Defendants. | ) | |

___

The plaintiff, Paul Billings ("Billings"), is an inmate at the James River Correction Center. On October 11, 2007, he filed a pro se complaint with the court pursuant to 42 U.S.C. § 1983. He also filed an application to proceed *in forma pauperis*. This matter is now before the court for an initial review as mandated by 28 U.S.C. §1915A.

**I.     BACKGROUND**

This action arises out of an alleged sexual assault. Billings alleges:

> I arrived at the NDSP on 5-16-07 and was assigned a cell in the north unit, with a 30 some year old repeat offender a know[n] sex offender and drug addict named Nathan Axtman
> During classes in orientation I was assured that NDSP was a well run safe institution, assured by Tim Schuetzle and sexual assaults did not occur.
> On 5/26/07 I was sexually assaulted by Nathan Axtman after this incident I was placed in observation for 3 days received counseling while in observation but have never heard anything since
> The assault was an assault and not consentual (sic)
> This prison expierience (sic) has been terrifying I was also taken out of high school to serve a sentence in prison
> Many inmate still harass me about the incident

1

(Docket No. 3). He seeks $11 million in damages, a reevaluation of penitentiary policy, and his immediate release from prison. He also requests that criminal charges be filed against Nathan Axtman.

## II.   STANDARD GOVERNING INITIAL REVIEW

When a prisoner seeks to sue a governmental entity, officer, or employee, the Prison Litigation Reform Act of 1995 ("PLRA") requires the court to conduct an early screening of the complaint to weed out claims that clearly lack merit. Congress enacted the screening requirement to reduce the burdens imposed by prisoner suits that too often are frivolous and without merit. Jones v. Bock, __ U.S. __, 127 S.Ct. 910, 914 (2007); Woodford v. Ngo, __ U.S. __, 126 S.Ct. 2378, 2382 (2006). In conducting the screening required by 28 U.S.C. § 1915A, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.

## III.   DISCUSSION

Billings's complaint is deficient in several respects. First, he does not explicitly allege a violation of his federal constitutional or statutory rights. Second, he fails to name a defendant who may be sued under § 1983. Third, the injunctive relief that he seeks cannot be ordered by the court even if a proper defendant had been named.

### A.   Billings has not pled a cognizable claim

To state a cognizable claim under § 1983, the plaintiff must allege a violation of a federal constitutional or statutory right and that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Neither 42 U.S.C. § 1983 nor the PLRA imposes any heightened pleading

requirements, however.  Jones v. Bock, __ U.S. __, 127 S.Ct. 910, 919 (2007).  Consequently, in order to state a cognizable claim, the complaint need only meet the minimum requirements of Fed. R. Civ. P. 8(a)(2), which are that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Erickson v. Pardus, ___ U.S. __, 127 S.Ct. 2197, 2202 (2007) (per curiam).

When a prisoner is proceeding *pro se*, the court is obligated to construe the complaint liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.  The court may not, for example, dismiss a *pro se* complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief."  Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999); see also Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988).  This does not mean that the court must accept everything or anything that is filed by a *pro se* prisoner, however.  In enacting the PLRA, Congress obviously expected the § 1915A screening requirement to be more than a ritualistic exercise and that courts would be vigilant in allowing to go forward only those pleadings, or parts of pleadings, that state a cognizable claim, that seek relief from a non-immune party, and that are not otherwise frivolous or malicious.  See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992) (defining frivolous claims as those that are clearly baseless, fanciful, fantastic, or delusional).

In terms of meeting the minimal requirements of Rule 8(a)(2) for pleading a cognizable claim, something more than simply expressing a desire for relief and declaring an entitlement to it is required.  See Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 n.3 (2007). Even under the liberal standards applying to *pro se* pleadings, an unrepresented prisoner must state enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests." Erickson v. Pardus, 127 S.Ct. at 2200 (quoting Bell Atlantic Corp. V. Twombly, 127 S.Ct. at 1964).

In this case, nowhere in the complaint does Billings invoke his constitutional rights or allege a violation of either the Constitution or federal law. Thus, it is not readily apparent on what legal theory Billings's claim is predicated, much less whether it is a legal theory that can be the subject of a § 1983 action.

The Eighth Circuit was confronted with a similar situation in Walker v. Reed, 104 F.3d 156, 158. There, an inmate injured in a slip and fall accident filed suit a state correctional institution. The district court dismissed his complaint as frivolous. Id. at 157. The Eighth Circuit affirmed the dismissal, emphasizing that the inmate had neither invoked his constitutional rights nor alleged any violation of federal law. Id. at 158.

Based on Walker v. Reed, there remains a minimal threshold that Billings must meet in order to proceed with the above-captioned action. He must allege a violation of either a constitutional right or federal law in order to make out a cognizable § 1983 claim. And, in the absence of any explicit invocation of a constitutional right, reference to the Constitution, or citation to federal law, his complaint must ultimately be dismissed for failure to state a claim.

The standard complaint form used by *pro se* litigants in this district for making § 1983 claims instructs them to stick to the facts and avoid legal argument or case citation. Billings utilized this form to prepare the instant complaint and followed its instructions, perhaps, taking them too literally.

Because Billings may have been misled or confused by the instructions, he will be permitted to amend his complaint to allege a violation of his federal constitutional or statutory rights.[1]

### B.     Billings has not named a defendant who may be sued under § 1983

The only defendants that Billings seeks to sue are the North Dakota State Penitentiary and the NDDOCR (presumably the North Dakota Department of Corrections and Rehabilitation), both of which are state entities or institutions. It is well established that states have Eleventh Amendment immunity from a suit brought under 42 U.S.C. § 1983. Monroe v. Arkansas State University, 495 F.3d 591, 594 (8th Cir. 2007); Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999). This immunity also extends to state agencies and institutions. Id. In addition, states and their agencies are not "persons" within the meaning of § 1983 and are not proper parties for this reason as well. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 & 70 (1989); Alsbrook v. City of Maumelle, 184 F.3d at 1010.

To the extent that Billings seeks to recover monetary damages, he must sue a non-immune defendant who acted under the color of state law, such as the prison official or officials who were directly involved or responsible for the alleged constitutional violations. See Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006); Keeper v. King, 130 F.3d 1309, 1314-15 (8th Cir. 1997); Murphy v. Arkansas, 127 F.3d 750, 754-755 (8th Cir. 1997). Further, at least in the Eighth Circuit, the complaint must explicitly state that the named persons are being sued in their individual

---

[1] The Eighth Amendment's prohibition of cruel and unusual punishment "requires prison officials to take responsible measures to guarantee the safety of inmates and to protect them from violence by other prisoners." Nei v. Dooley, 372 F.3d 1003, 1006 (8th Cir. 2004). "To prevail on their Eighth Amendment failure-to-protect claim, the inmates must show they are incarcerated under conditions posing a substantial risk of serious harm and the prison officials subjectively knew of and disregarded that safety risk." Id. Although not stated in so many words, it appears that Billings believes penitentiary staff were deliberately indifferent to his safety in violation of the Eighth Amendment. Nevertheless, absent the invocation of any constitutional or statutory provision, the court can only speculate as to the legal basis for Billings's claim. Also, it may be that he intends to claim other violations of federal constitutional or statutory rights.

capacities. Murphy v. Arkansas, supra; see also Kentucky v. Graham, 473 U.S. 159, 166-167 (1985) (discussing distinctions between individual and official capacity claims).  If Billings wants injunctive relief, he must name a state official who would be authorized under state law to provide the relief requested, which may very well be a person different from those who may be liable for any damages.  This is because, while states are immune from suit under § 1993, state officials acting in their official capacities are subject to suit for prospective injunctive relief.  Will v. Michigan Dept. of State Police, 491 U.S. at 71 n.14; Ex parte Young, 209 U.S. 123, 159-60 (1908); Alsbrook v. City of Maumelle, 184 F.3d at 1010 & n.19;  Campbell v. Arkansas Dept. of Correction, 155 F.3d 950, 962 (8th Cir. 1998).

      **C.**      **The court cannot order the injunctive relief that Billings seeks**

The power of the court to consider claims for prospective injunctive relief against state officials who are sued in their official capacities under §1983 action extends only to relief that the court is empowered to grant.  In this case, none of the injunctive relief that Billings seeks can be granted.

More particularly, Billings seeks an immediate release from custody.  This relief, however, is not available in § 1983 action.  The United States Supreme Court has made clear that a § 1983 action cannot be used to challenge, directly or indirectly, the length or validity of a prisoner's confinement and that this can only be done using habeas corpus remedies.  E.g., Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005).[2]

Billings also seeks a court order directing the institution of a criminal prosecution against the perpetrator of the alleged sexual assault.  There simply is no grant of authority to the federal

---

[2] This is not to say that a petition for habeas corpus would provide for a release from custody based upon the grounds alleged in this case.

courts for the exercise of such power. Cf. Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2nd Cir. 1973). Moreover, Billings lacks standing to compel a criminal prosecution. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Fulson v. City of Columbus, 801 F.Supp. 1, 6 (S.D. Ohio 1992) ("Thus, courts have generally declined to recognize standing on the part of victims of crimes to bring a § 1983 action based upon lack of prosecution of others.").

Finally, Billings asks that penitentiary "rethink their policies." This demand is simply too vague and overbroad. See Shabazz v. Norris, 934 F.2d 322 (6th Cir. 1996) (citing Kendrick v. Bland, 740 F.2d 432, 477 (6th Cir. 1984), for the proposition that a federal court cannot award relief that is "broader than necessary to remedy the constitutional violation."). At the very least, Billings must specify the policies he takes exception to or what policy changes he believes must be implemented.

## IV.     CONCLUSION AND RECOMMENDATION

Billings is hereby **GRANTED** leave to file an amended complaint to provide clarification regarding the legal underpinnings for his claim as well as the scope of relief sought. In addition, he may name any additional defendants as he deems necessary. Billings must file the amended complaint with the court by November 30, 2007, with the understanding that it will again be subject to a §1915A screening upon receipt. If Billings does not file an amended complaint by November 30, 2007, it is the undersigned's **RECOMMENDATION** that his action be **DISMISSED** without prejudice and that his application to proceed *in forma pauperis* be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(3)(4), plaintiff may file any other objections to this Report and Recommendation within fifteen days. Failure to file appropriate objections may result in the recommended action being taken.

Dated this 26th day of October, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge